UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROUANNE DIAZ,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Respondent. | Civil Case No.: 16cv1984-JAH<br>Criminal Case No.: 13cr1235-JAH<br><br>**ORDER:**<br><br>**(1) DENYING PETITIONER'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c) (Doc. No. 72);**<br><br>**(2) DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 74)**<br><br>**(3) DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AS SUCCESSIVE (Doc. No. 79)** |

//

//

//

1

Criminal Case No.: 13cr1235-JAH
Civil Case No.: 16cv1984-JAH

# INTRODUCTION

This matter comes before the Court on Petitioner Rouanne Diaz's ("Petitioner") *pro se* motion to reduce her sentence pursuant to § 3582(c), (Doc. No. 72), and motions to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, (Doc. Nos. 74, 79). Respondent United States of America filed a Response in Opposition to Petitioner's § 3582 motion and Petitioner's first § 2255 motion. Doc. Nos. 73, 77. Having thoroughly considered the parties' briefing and the relevant record, the Court **DENIES** Petitioner's motion to reduce her sentence pursuant to § 3582, **DENIES** Petitioner's first § 2255 motion, and **DENIES as successive** Petitioner's second § 2255 motion.

# BACKGROUND

On October 3, 2013, Petitioner, with the advice and consent of counsel, signed a plea agreement, admitting that she and a codefendant "agreed to provide an ounce of methamphetamine to a customer, which the two of them provided the customer approximately 27.6 grams of actual methamphetamine." Doc. No. 42 at 2.

On the same day, a change of plea hearing was held before Magistrate Judge David H. Bartick. Doc. No. 41. The magistrate judge determined that Petitioner's guilty plea was made knowingly and voluntarily, and did not result from force, threats, or promises. Doc. No. 84. On August 22, 2014, this Court sentenced Petitioner to 132-months in custody, to run concurrent with two California state sentences, followed by four years of supervised release. *See* Doc. No. 69. Judgment was entered on September 2, 2014. Doc. No. 70.

Then, on September 1, 2015, Petitioner, proceeding *pro se*, filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c). Doc. No. 72. Subsequently on August 5, 2016, and September 28, 2016, Petitioner filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. 2255, and a Motion to Include Additional Information and Grounds for her 28 U.S.C 2255 Petition, respectively.

//
//
//

## DISCUSSION

**1.    Motion to Reduce Sentence Pursuant to § 3582**

On September 1, 2015, Petitioner moved the Court for a reduction of her sentence pursuant to Amendment 782. Doc. No. 72. The United States responded, stating Petitioner's guideline level of 34 was determined by §4B1.1(A), therefore, Amendment 782 is not applicable. Doc. No. 73.

Effective November 1, 2014, Amendment 782 modified the sentencing guidelines applicable to drug offenses by reducing the offense levels for drug and chemical quantities.[1] Under 18 U.S.C. § 3582(c)(2), a district court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's applicable policy statement appears at USSG §1B1.10. The policy statement provides that courts may modify a sentence "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d)." *See* U.S.S.G. § 1B1.10(a)(1).[2]

The Court finds that Petitioner is not entitled to a reduction in her sentence. When looking at the sentencing record, it is clear Petitioner was sentenced as a career offender pursuant to § 4B1.1, and therefore, is not entitled to a sentence reduction based upon the amendment of § 2D1.1. *See United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009) (holding that a defendant who was sentenced as a career offender was not eligible for a sentence reduction).

---

[1] Under the amended U.S.S.G., district courts were prevented from affording sentencing relief until November 1, 2015. *See* U.S.S.G. § 1B1.10(e)(1).

[2] Amendment 782 is listed, in relevant part, in § 1B1.10(d).

3

**2.  Motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 based on Johnson *v. United States*, 135 S.Ct. 2551 (2015).**

### a. Legal Standard

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to petitions for writ of *habeas corpus* filed in federal court after April 24, 1996. *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). The instant petition is subject to AEDPA because it was filed on August 5, 2016. A § 2255 motion may be brought to vacate, set aside, or correct a federal sentence on the following grounds: (1) that the sentence "was imposed in violation of the Constitution or laws of the United States," (2) that "the court was without jurisdiction to impose such [a] sentence," (3) that "the sentence was in excess of the maximum authorized by law," or (4) that "the sentence is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

### b. Analysis

Petitioner argues that she is entitled to relief based upon "the new findings in *Johnson*." Doc. No. 74 at 1 (emphasis added). In response, Respondent argues that Petitioner is not entitled to habeas relief because: (1) Petitioner's plea agreement constitutes a valid waiver to Petitioner's right to appeal or collaterally attack her conviction; (2) Petitioner's categorization as a career offender rests solely upon convictions for drug-trafficking crimes, which has not been altered by the decision in *Johnson*. *See* Doc. No. 77. For the reasons set forth below, the Court finds that Petitioner's *habeas corpus* petition is deficient for multiple reasons.

#### i. Waiver

The right to collaterally attack a sentence pursuant to 28 U.S.C. § 2255 is statutory in nature, and a knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) ("[I]f it is not a due process violation for a defendant to waive constitutional rights as part of a plea bargain, then a defendant's waiver of a nonconstitutional right, such as the statutory right to appeal a sentence, is also waivable."); s*ee also United States v. Abarca*, 985 F.2d 1012, 1014 (9th

4

Criminal Case No.: 13cr1235-JAH
Civil Case No.: 16cv1984-JAH

Cir. 1993) (holding that, by entering plea agreement whereby defendant waived right to appeal his sentence, defendant relinquished right to directly or collaterally attack his sentence on the ground of newly discovered exculpatory evidence).

"Generally, courts will enforce a defendant's waiver of his right to appeal if (1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made." *See United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (*quoting United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998) (internal citations omitted)).

Regarding the first requirement, courts look to, and enforce, the plain language of the waiver and does not look to "extrinsic evidence . . . to interpret . . . the terms of an unambiguous written instrument." *Nunez*, 223 F.3d at 958 (*quoting Wilson Arlington Co. v. Prudential Ins. Co. of Am.*, 912 F.2d 366, 370 (9th Cir. 1990) (internal citations omitted)). Petitioner's plea agreement provides, in relevant part, as follows:

> In exchange for the United States' concessions in this plea agreement, Defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence. . . unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable.

*See* Doc. No. 42 at 8.

Here, the Court finds that petitioner's moving papers conclusively show that she is not entitled to relief under § 2255. The language of the plea agreement clearly forecloses Petitioner's right to appeal on all grounds other than a claim that the Court imposed a sentence above the high end of the guideline range. That burden is not met here. At sentencing, Petitioner had a total offense level of 31, a criminal history category of six, and a guideline range between 188 – 235 months in federal custody. Petitioner was sentenced below the low-end of the guideline range at 132-months. Doc. No. 70.

5

Additionally, the magistrate judge determined that Petitioner entered the plea "knowingly and voluntarily," and Petitioner initialed each page of her plea agreement indicating her full acknowledgment of the contents of her plea agreement. Doc. Nos. 42, 44. Therefore, while the scope of a § 2255 waiver may be subject to potential limitations, none of those limitations apply to the instant matter. *See Navarro-Botello*, 912 F.2d at 321 (a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Federal Rule of Criminal Procedure 11 to ensure that the waiver was knowingly and voluntarily made); *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1997) (a waiver might also be ineffective where the sentence imposed is not in accordance with the negotiated agreement*); United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (a waiver may be "unenforceable" and may not "categorically foreclose" a defendant from bringing § 2255 proceedings where a petitioner claims ineffective assistance of counsel challenging the voluntariness of his plea.).

      ii. *Johnson* and its Progeny

Petitioner is challenging her 132-month sentence based on the Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). Doc. No. 74. Specifically, Petitioner argues that the sentence she received was unlawful due to an error in the guideline calculations, which resulted in her designation as a career offender. Doc. No. 81 at 1. Respondent argues that Petitioner's categorization as a career offender rests entirely on multiple convictions for drug trafficking crimes, which is not altered by the decision in *Johnson*, which only impacted the definition for what is considered a "violent felony". Doc. No. 77 at 2.

The Court in *Johnson* held unconstitutionally vague the residual clause of the Armed Career Criminals Act ("ACCA"), which defined a "violent felony" as any felony that "involves conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B). The Court later determined the decision in *Johnson* was substantive and has retroactive effect on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

Here, Petitioner was not sentenced under 18 U.S.C. § 924(e)(2)(B), rather, Petitioner was sentenced under § 924(e)(2)(A), which defines serious drug offenses and remains unchanged by the decision in *Johnson*. Petitioner's pre-sentence report indicates she has five prior felony convictions, "each for possession of methamphetamine for sale." Doc. No. 47 at 5. In light of this, the holding in *Johnson* does not apply to the instant matter. *See United States v. Hermoso-Garcia*, 413 F.3d 1085 (2005); *see also Ezell v. United States*, 743 Fed.Appx. 784 (9th Cir. 2018) ("If the sentencing record makes clear that the district court did not rely on the residual clause to find that a prior offense qualified as a predicate offense under the Armed Career Criminal Act, the petition does not rely on *Johnson* as to that offense.").

Under Rule 4(b) of the Rules Governing § 2255 Proceedings, this Court may dismiss a § 2255 motion if it "plainly appears" from the motion, attached exhibits, and the record of prior proceedings, that Petitioner is not entitled to relief. Therefore, for the reasons set forth above, the petition is **DENIED.**

### 3. Motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 based on Amendment 794

On September 28, 2016, Petitioner filed a Motion to Include Additional Information and Ground for Relief to her § 2255 petition. Doc. No. 79. Therein, Petitioner is arguing for a retroactive reduction to her sentence under 28 U.S.C. § 2255 based on Amendment 794 to U.S.S.G. § 3B1.2. *Id.* at 1. Petitioner's challenges presented in the September 28, 2016, motion could have been brought in the first motion filed on August 5, 2016. As such, even with the benefit of liberal construction afforded to *pro se* Petitioners, this Court deems the new motion successive. See 28 U.S.C. § 2255(h) (requiring that "a second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain" either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). Because Amendment 794 is not a new rule of

constitutional law, the motion must be dismissed as successive. However, even when considering the merits of the second petition, the second petition would be denied.

Amendment 794 amended the commentary to U.S.S.G. § 3B1.2—the Guidelines section that provides for a downward adjustment to the offense level if the defendant was a minimal or minor participant in the criminal activity. Most notably, Amendment 794—which went into effect on November 1, 2015—added a list of factors that a court should consider in determining whether to decrease an individual's offense level under § 3B1.2. In short, it "provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies." U.S.S.G. app. C, amend. 794 (2015).

This Court has found no case law, however, applying Amendment 794 retroactively in a § 2255 motion on collateral review. The Ninth Circuit has addressed this very question in *United States v. Quintero-Levya*, 823 F.3d 519 (9th Cir. 2016). There, the Ninth Circuit determined that the Amendment was intended as a clarifying amendment and held that it applies retroactively to direct appeals. *Id.* at 523. However, the Ninth Circuit did not extend the retroactivity of Amendment 794 to motions on collateral review. In fact, when confronted with this very question, most courts—including courts within this district—have refused to extend *Quintero-Leyva* to collateral attacks. *See, e.g., Martinez v United States*, No. 3:16-CV-02324-GPC, 2018 WL 1942230 (S.D. Cal. April 25, 2018); *Colhoff v. United States*, No. 5:16-CV-05081-KES, 2017 WL 1365119 (D.S.D. Jan. 27, 2017); *Vergara v. United States*, No. EP-16-CV-394-KC, 2016 WL 5717843 (W.D. Texas Sept. 30, 2016); *United States v. Sanchez*, No. CR 14-078-ML, 2017 WL 394095 (D.R.I. Jan. 26, 2017); *Johnson v. United States*, No. 2:10-CR-185, 2016 WL 6084018 (S.D. Ohio Oct. 17, 2016).These courts have found that the distinction between a direct appeal and a § 2255 motion is dispositive in determining whether Amendment 794 can apply retroactively. This Court finds the rationale provided in the above cases persuasive. Because Petitioner brings this argument by way of collateral attack, she cannot obtain retroactive application of Amendment 794 to her sentence.

Even assuming this Court could apply Amendment 794 retroactively upon Petitioner's § 2255 motion, Petitioner has procedurally defaulted her argument by failing to file a direct appeal of her sentence. Generally, defendants are precluded from bringing claims under § 2255 that were not raised on direct appeal. *United States v. Frady*, 456 U.S. 152, 165–66 (1982). The Ninth Circuit, however, has made an exception to this rule for claims of constitutional violations. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994). Thus, when a defendant fails to assert a non-constitutional sentencing error on direct appeal, she may not assert it in a § 2255 motion. *Schlesinger*, 49 F.3d at 485 ("[T]his court follows the rule that non-constitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255."); *Evenstad v. United States*, 978 F.2d 1154, 1158 (9th Cir. 1992) ("[Petitioner] makes a number of challenges to his sentencing not suggesting constitutional error, but these are all barred because he did not appeal."). Petitioner's argument seeking application of Amendment 794 to her sentence is not a constitutional claim. By failing to raise that argument during a direct appeal, Petitioner is barred from raising it here. Accordingly, the Court need not reach the merits of Petitioner's claim because it is procedurally defaulted.

Even if the Court could ignore all of these procedural defects, a § 2255 motion is not the proper vehicle for Petitioner to ask this Court for retroactive application of Amendment 794. The grounds for which a defendant can raise a collateral attack under § 2255 are far more limited than those available on direct appeal. As such, § 2255 can provide relief only where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The Supreme Court has interpreted the fourth category to mean errors that constitute a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see Peguero v. United States*, 526 U.S. 23, 27–30 (1999).

Here, failure to apply Amendment 794 does not result in an illegal or unconstitutional sentence, nor does Petitioner claim any jurisdictional defects or an excessive sentence. The only question left is whether failure to apply Amendment 794 retroactively results in a "complete miscarriage of justice." *Hill*, 368 U.S. at 428. The Court finds it does not. In *Hamilton v. United States*, the Ninth Circuit held that the "district court's failure to apply a rule that had not yet been articulated at the time of sentencing" did not amount to a fundamental defect resulting in a complete miscarriage of justice. *Hamilton*, 67 F.3d 761, 764 (9th Cir. 1995). Here, Amendment 794 was not effective until November 1, 2015, nearly ten-months after Petitioner was sentenced on August 22, 2014.

Because courts have a duty to construe *pro se* filing liberally, Petitioner's petition for relief based on Amendment 794 can be construed as an allegation under § 3582. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even if Petitioner's § 2255 motion is construed as a § 3582 (c) motion, it would fail because clarifying amendments do not apply retroactively in a motion under § 3582.

The Ninth Circuit found that the language of Amendment 794 implied that it was intended to be a clarifying amendment. *See Quintero-Leyva*, 823 F.3d at 523 (finding in part that Amendment 794 could be applied retroactively on direct appeal because it was a clarifying amendment). However, clarifying amendments cannot be applied retroactively when it comes to § 3582 claims unless a defendant's term of imprisonment is based on a sentencing range that has been subsequently lowered by the Sentencing Commission if the "reduction is consistent with applicable policy statements by the Commission." 18 U.S.C. § 3582(c)(2). These policy statements are found in U.S.S.G. § 1B1.10.

According to U.S.S.G. § 1B1.10, a court may reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c) only when the "guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below." U.S.S.G. § 1B1.10(a)(1). Subsection (d) of § 1B1.10 does not list Amendment 794. *See* U.S.S.G. § 1B1.10(d). Therefore, retroactive application of Amendment 794 upon a § 3582 motion is not permitted. Thus, even if

10

Criminal Case No.: 13cr1235-JAH
Civil Case No.: 16cv1984-JAH

Petitioner's claim were construed as a § 3582(c) motion, the Court would reject Petitioner's request to reduce her sentence under Amendment 794 because it is a clarifying amendment that cannot be applied retroactively. *United States v. Stokes*, 300 Fed.Appx. 507, 508 (9th Cir. 2008) ("[E]ven if the amendment at issue were a 'clarifying amendment' that applied retroactively, such retroactive calculation could only occur in the context of a direct appeal or a 28 U.S.C. § 2255 petition, and not in a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)."). Therefore, for the reasons set forth above, the petition is **DENIED as successive.**

### 4. Certificate of Appealability

To appeal a district court's denial of a § 2255 petition, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To satisfy this standard, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated above, no reasonable jurist could conclude that Petitioner is entitled to relief based on the arguments set forth in her § 2255 motion. Accordingly, the Court declines to grant Petitioner a certificate of appealability.

//

//

//

//

//

//

**CONCLUSION AND ORDER**

Based on the above, IT IS HEREBY ORDERED:

1. Petitioner's motion to reduce her sentence pursuant to § 3582 is **DENIED.** Doc. No. 72.
2. Petitioner's motion to vacate, set aside, or correct her sentence is **DENIED.** Doc. No. 74.
3. Petitioner's motion to vacate, set aside, or correct her sentence is **DENIED as successive.** Doc. No. 79.

**IT IS SO ORDERED.**

DATED: February 11, 2020

_____
JOHN A. HOUSTON
United States District Judge